**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-40105
_____

GORDON HOUSE,

                    Plaintiff - Appellant,

versus

TEXAS DEPARTMENT OF TRANSPORTATION; CONLEY
OWEN, Individually and in official capacity as an official of Texas
Department of Transportation,

                    Defendants - Appellees,

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-210

January 3, 2003

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

   In this employment discrimination case, Plaintiff-Appellant Gordon House ("House") brought

a Title VII action and a § 1983 action against his former employer, Texas Department of

Transportation ("DOT"), and against his DOT supervisor, Conley Owen ("Owen"), both in his official

and individual capacities. House alleged that he was disciplined, demoted, and fired in retaliation for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his speaking out against DOT's racially discriminatory practices. The district court granted summary judgment in favor of DOT and Owen on House's § 1983 claim, since House failed to produce summary judgment evidence showing that his speech was of public concern or that his alleged protected speech was a motivating factor for his discipline, demotion, and discharge. The district court also granted summary judgment in favor of DOT and Owen on House's Title VII claim, since House failed to present summary judgment evidence sufficient to rebut DOT's and Owen's legitimate, non-discriminatory reasons for disciplining, demoting, and firing House. Accordingly, the district court dismissed House's claims with prejudice.

We read the briefs, heard the arguments of counsel, and consulted the pertinent portions of the record. On the basis of the applicable case law and the summary judgment record, we affirm the district court's judgment for essentially the same reasons as those given by the district court. We also note that, at oral argument, House conceded that DOT has Eleventh Amendment immunity from the § 1983 claim.

AFFIRMED.